```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | | |
|---|---|---|
| **DARRYL CUNNINGHAM** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-8046** |
| | * | |
| **TERREBONNE PARISH CONSOLIDATED** | * | **SECTION "B"(1)** |
| **GOVERNMENT, ET AL.** | * | |

## ORDER

After reviewing the pleadings and the applicable law, for the reasons articulated below,

**IT IS ORDERED** Plaintiff Darryl Cunningham's Motion for New Trial pursuant to Rule 59(a)(1)(B) (Rec. Doc. No. 65), with respect to the judgment entered on February 28, 2011 be and is hereby **DENIED**.

### I. *Standard of Review*

The Federal Rules of Civil Procedure 59(a)(1)(B) allow the Court to grant a new trial, where there has been a trial without a jury, when a reason exists for which "rehearings have heretofore been granted in a suit of equity in federal court." *See* FED. R. CIV. P. 59(a). Within the Fifth Circuit, a Motion for New Trial must "clearly establish a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Moreover, motions for new trial cannot be used to raise arguments that could, and should, have been made before the judgment was issued, or to argue a case under a new legal theory. *Id.* Accordingly, courts should not grant new trials absent substantial reasons, or unless

it is reasonably clear that justice has not been done. *Sibley v. Lemrie*, 184 F.3d 481, 487 (5th Cir. 1999).

## II. *Manifest Error of Law*

In this case, Plaintiff moves for a new trial on the grounds that the Court committed manifest error of law by dismissing his Fourth Amendment claim. (Rec. Doc. No. 65-1). The arguments presented, however, do not satisfy the criteria imposed by the Fifth Circuit to justify the granting of 59(a)(1)(B) relief.

Plaintiff's central argument conflates a manifest error of law with a legitimate finding of fact. For reasons explained infra, Plaintiff is not alleging that the Court erred in shielding Theriot from liability in the face of manifestly reckless conduct; rather, Plaintiff is contesting the Court's factual finding that Theriot acted in good faith. (*See* Rec. Doc. No. 65-1 at 2-3).

Plaintiff alleges that the District Attorney's official authority to issue a subpoena does not bar recovery against Theriot and/or the HPD in this case, because of the nature of Theriot's conduct. (Rec. Doc. No. 65-1 at 1). Specifically, in cases where a reasonably well-trained officer should have known that his application failed to establish probable cause for a warrant or was objectively unreasonable, the District Attorney's issuance of a subpoena may not constitute a superseding cause. *Malley v. Briggs,* 475 U.S. 335, 345 (1986). Similarly, when a police officer intentionally or recklessly omits material facts

from a warrant application, doing so may amount to an independent Fourth Amendment violation. *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006)(*see also Franks v. Delaware,* 438 U.S. 154 (1978)). In short, police officers are not shielded from Fourth Amendment liability in cases where they have misled the District Attorney in order to obtain a subpoena. *See Id.* at 1114.

Here, Plaintiff contends that a reasonably well-trained officer would have known a subpoena of Plaintiff's cell phone records was invalid in an internal affairs investigation; Theriot thus acted recklessly in submitting his application to Elfert. (Rec. Doc. No. 65-1 at 3).

The conclusion proffered by Plaintiff, however, first requires a factual finding that the officer in question acted recklessly, intentionally, or otherwise in violation of good faith. *See Kohler*, 470 F.3d at 1113-14(predicating its analysis of recklessness upon case-specific facts). In this case, the Court considered the totality of evidence presented at trial and reached a finding of fact that Theriot had acted in good faith in seeking a subpoena of the Plaintiff's cell phone records. (*See* Rec. Doc. No. 64, reasons given orally). Supporting this conclusion is Theriot's more credible testimony, his account of the conversation between himself and Elfert, and his undisputed inexperience in conducting internal affairs investigations. (*See* Rec. Doc. No. 26-5 at 8, 20-24). In ruling from the bench, the Court was free to make an independent judgment concerning the

3

nature of Theriot's conduct.  *See Lexington Ins. Co. v. Miller*, F.Supp.2d 2008 WL 4699767 (holding that, in ruling from the bench, a court is free to make an independent judgment); *see also Salazar v. Dretke*, 419 F.3d 384, 392 (explaining that a court is free to consider testimony and affidavits in ruling from the bench on questions of fact).  Moreover, the Court's factual determination that Theriot was not acting recklessly precludes a finding of a Fourth Amendment violation pursuant to the reasoning in *Franks* and *Kohler.*  *See Franks*, 438 U.S. at 156; *see also Kohler*, 470 F.3d at 1113.

In the instant motion, Plaintiff has not presented any new evidence that would suggest a mistake of fact, or yield a different conclusion.  (*See* Rec. Doc. No. 65-1).  Nor does Plaintiff allege that, absent a finding of recklessness, the Court would have still erred in concluding that Theriot was shielded from liability. *See Id.*  Rather, Plaintiff premises his argument on a finding of fact that differs materially from that reached in the Court's final judgment.  Consequently, Plaintiff's claim of manifest error of law is unfounded.

With respect to Plaintiff's argument that, in lieu of a search warrant, the District Attorney's subpoena was an unreasonable search and seizure in violation of the Fourth Amendment, the Court ruled on summary judgment that Plaintiff's privacy expectation in his personal cell phone records did not exist as a matter of law but again, turned on a genuine issue of

material fact. (Rec. Doc. No. 34 at 12). Having made this determination, the Court was likewise free to find at trial that the evidence presented did not establish that Plaintiff suffered a violation of his Fourth Amendment rights. (*See* Rec. Doc. No. 64). In so concluding, the Court adopted the logic of the Supreme Court in *Quon*, which reasoned that "the Court must proceed with care when considering the whole concept of privacy expectations in communications made on electric equipment owned by a government employer." *Quon*, 130 S.Ct. at 2629. Because this Court's ruling again turned on a legitimate finding of fact, Plaintiff has not established that dismissal of his Fourth Amendment claim involved manifest error of law.

The Fifth Circuit requires that a Motion for New Trial clearly establish manifest error of law or fact, or present newly discovered evidence. *Simon,* 891 F.2d at 1159. Because Plaintiff has failed to meet this standard, there exist no grounds for a new trial; accordingly, Plaintiff's motion is **DENIED.**

New Orleans, Louisiana, this 7TH day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE

5